■ NORMAN LEVINE et al., Doing Business as IRVING LEVINE & SONS, Appellants, v AMERICAN FEDERAL GROUP, LTD., Respondent.—Appeal from the order of the Supreme Court, New York County (Harold Tompkins, J.), entered December 20, 1989, which granted defendant's motion for summary judgment "pursuant to CPLR § 3211 [a] [7]", and appeal from the order entered June 26, 1991, which denied plaintiff's motion for renewal, are dismissed, as subsumed in the judgment entered herein, with costs and disbursements payable by

defendant. Judgment of the same court and Justice, entered November 26, 1990, which dismissed the complaint, is reversed, on the law, the motion to dismiss denied, the complaint reinstated and the matter remanded for further proceedings, with costs and disbursements payable by defendant to plaintiffs.

Plaintiffs Norman and Marvin Levine, doing business as insurance brokers under the firm name Irving Levine & Sons, had Continental Garage Corporation and Grossman Garage Management as two of their clients. Plaintiffs had placed numerous insurance policies for these clients, procuring coverage against risks of loss during the years 1974-1982. Plaintiffs earned approximately $30,000 per year on commissions from this business. In 1980, plaintiffs sought assistance from defendant American Federal Group, Ltd. (AFG) an excess and surplus lines broker, in placing these clients' policies. Defendant AFG procured policies from Commodore General Insurance Company, a Hong Kong insurer. Thereafter, claims of the clients under these policies went unpaid due to Commodore's insolvency.

This action was commenced by plaintiffs seeking damages for the loss of the garage corporations as clients, allegedly due to AFG's actions. The complaint alleged four causes of action, each seeking $1 million in damages. The first cause of action, was for gross negligence in AFG's placing the policies with a dishonest and insolvent insurer, which allegedly did not meet the surplus requirements of insurance regulations applicable to companies not licensed to do business in New York State. The second was on the theory defendant AFG had breached its representations and warranties that it would place the policies with reputable, honest and solvent insurers, with whose condition defendant was familiar, and that defendant would abide by all regulations governing excess and surplus lines brokers. The third and fourth causes of action asserted defendant AFG's knowing and reckless participation in an alleged Commodore insurance underwriting fraud perpetrated by four identified individuals.

The Supreme Court granted defendant's motion for an order of summary judgment, "pursuant to CPLR § 3211 [a] [7] *[sic]*", deeming it to be one for dismissal "pursuant to CPLR § 3211 [a] [7] for failure to state a cause of action".

Initially, we note that defendant purportedly moved for "summary judgment", but cited CPLR 3211 (a) (7), not CPLR 3212. Plaintiffs opposed the motion as one for summary judg-

ment dismissal, but the court treated it as one for failure to state a cause of action. On reargument and renewal, plaintiffs still considered the motion one for summary judgment. It is, therefore, proper, and not prejudicial to plaintiffs to treat the motion as a "hybrid" one for summary judgment and for dismissal pursuant to CPLR 3211 (a) (7) *(see, Monteferrante v New York City Fire Dept.,* 63 AD2d 576, *affd for reasons stated* 47 NY2d 737).

In any event, upon this appeal, defendant does not raise any failure by plaintiffs to offer evidentiary facts supporting their claim. Defendant asserts only that plaintiffs' claim for lost commissions is too speculative. Defendant further asserts that the complaint is defective in that it seeks $1 million in damages, representing 33 years of lost commissions (at the rate of $35,000 per year). Defendant claims that this projected period is much too far into the future to assume with any degree of certainty that plaintiffs would have retained the garage corporations as clients. However, plaintiffs' ad damnum clause need not be substantiated or even viable in its entirety to permit a trial for the negligence, misrepresentation and breach of warranty causes of action as to plaintiffs' right to *some* damages.

Lost profits are recoverable when they result as the natural consequences of a breach of contract or the commission of a tortious act (36 NY Jur 2d, Damages, § 103). Although the amount of such damages need not be proven with exactitude, they must be demonstrated with sufficient certainty, and cannot be speculative or contingent *(Hirschfeld v IC Sec.,* 132 AD2d 332, 336, *lv dismissed* 72 NY2d 841). Since the plaintiffs had an existing relationship with the garage corporations, of seven years duration, this latter element of demonstrating damages with sufficient certainty does not preclude plaintiffs' recovery of some damages, as a matter of law, at this time.

Insofar as the first element is concerned, i.e. that the lost profits are a natural consequence of the wrongful act, plaintiffs have clearly raised an issue of fact as to whether defendant's actions led directly to the loss of their clients' accounts (at the very least, in the period of time immediately after the events alleged).

Finally, while the IAS court found plaintiffs had assumed the risk of defendant's placement of the policies with an insolvent, foreign insurer, there was no evidentiary basis in the record for that conclusion. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.