■ BERKELEY FEDERAL BANK & TRUST, FSB, Respondent, v HAROLD D. SIEGEL, Appellant, et al., Defendants. [669 NYS2d 334] —In an action, *inter alia,* to foreclose a mortgage, the defendant Harold D. Siegel appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), entered September 19, 1996, as conditioned the granting of his application to rescind the mortgage upon his tendering the principal of the loan, and granted his motion to dismiss only to the extent that the foreclosure action was stayed pending tender of the principal within 60 days of the date of the order.

Ordered that the order is affirmed insofar as appealed from, with costs, and the time in which the appellant is to tender payment of the principal as set forth in said order is extended until 60 days after service upon him of a copy of this decision and order.

This foreclosure action was commenced by the plaintiff, Berkeley Federal Bank & Trust, FSB (hereinafter Berkeley), after the defendants failed for eight years to make payments on the note and mortgage held by Berkeley on their residence. During the course of the foreclosure proceedings, the defendants amended their answer to allege an affirmative defense that Berkeley's assignor had violated the Truth in Lending Act (15 USC § 1635), and the defendants ultimately sought rescission of the loan pursuant to the Act. The defendant Harold D. Siegel now challenges the Supreme Court's conditioning of his right to rescind the loan upon his tender of the principal of the loan.

The Truth in Lending Act anticipates that upon an obligor's

exercise of his right to rescind, any security interest given by the obligor becomes void, and the creditor will be required to perform its obligations (e.g., return any money or property and take action to terminate the security interest created under the transaction) before the obligor is required to tender the property or its reasonable value (*see,* 15 USC § 1635 [b]). However, inasmuch as rescission is an equitable doctrine, a court of equity may condition the obligor's right of rescission upon his or her tender to the creditor of the principal of the loan (*see, Federal Deposit Ins. Corp. v Hughes Dev. Co.,* 938 F2d 889; *Brown v National Permanent Fed. Sav. & Loan Assn.,* 683 F2d 444; *Powers v Sims & Levin,* 542 F2d 1216; *Abel v Knickerbocker Realty Co.,* 846 F Supp 445). Under the circumstances of this case, the Supreme Court properly exercised its discretion in conditioning the mortgagor's right of rescission upon his tender of the loan principal and in directing that the foreclosure action could proceed if tender is not timely made (*see, Federal Deposit Ins. Corp. v Hughes Dev. Co., supra*). Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.