■ Gus Neos, Respondent-Appellant, v Patrick Lacey et al., Appellants-Respondents. [770 NYS2d 410]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated December 17, 2002, as denied their motion for summary judgment dismissing the complaint and on their second counterclaim to compel the plaintiff to transfer his interest in Drillco Devices, Ltd., to the defendant Patrick Lacey, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for partial summary judgment on the cause of action to recover damages for breach of an alleged covenant not to compete.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff and the defendant Patrick Lacey entered into a written agreement (hereinafter the agreement) to divide their jointly-held business interests between them. Pursuant to the agreement, the plaintiff was to form a new corporation named Drillco Equipment and Lacey was to form a new corporation named Drillco National Group, Inc. The assets and liabilities of Drillco Devices, Ltd. (hereinafter Drillco Devices), a corporation owned jointly by the plaintiff and Lacey, were to be divided between them, and the plaintiff was to receive "the business of Drillco Devices relating to products which are sold and distributed within New York City." The agreement further provided that Lacey's new corporation, Drillco National Group, "agrees to place a notice" on its place of business in Long Island City "directing all New York City Business to a location" specified by the plaintiff.

The plaintiff brought the instant action to recover damages for breach of the provision of the contract which required Drillco National Group to post the sign, breach of a covenant not to compete which the plaintiff alleged was part of the agreement, and unjust enrichment. The plaintiff contends that Lacey, through the corporate defendant US Diamond, Incorporated (hereinafter US Diamond), violated the alleged covenant not to compete by doing business in New York City.

The defendants moved for summary judgment dismissing the complaint and on their second counterclaim to compel the plaintiff to transfer his interest in Drillco Devices, to the defendant Lacey. The plaintiff cross-moved for partial summary judgment on his cause of action to recover damages for breach of the alleged covenant not to compete. The Supreme Court, finding that issues of fact remained, denied both the motion and the cross motion.

With respect to the plaintiff's first cause of action to recover damages for the alleged failure to post the sign, the plaintiff acknowledged that the defendants "put up a sign but it wasn't acceptable and they did it . . . a year after they were supposed to." The plaintiff claimed that as a result of the belated posting of the allegedly inadequate sign, he sustained lost profits.

Lost profits are recoverable when they result as the natural consequences of a breach of contract (see Levine v American Fed. Group, 180 AD2d 575, 577 [1992]). The damages alleged by the plaintiff are too speculative to sustain the cause of action (see Lloyd v Town of Wheatfield, 67 NY2d 809 [1986]). The evidence in the record established that any loss of customers by the plaintiff was attributable to US Diamond's lower prices, and not the allegedly inadequate sign in Long Island City.

The plaintiff's second cause of action to recover damages for breach of the alleged covenant not to compete must also be dismissed. The agreement did not contain a covenant not to compete and in no way prevented Lacey from doing business in New York City under a new corporate name. Therefore, the defendants were entitled to summary judgment dismissing the plaintiff's second cause of action.

The plaintiff's third cause of action sounding in quasi contract based on the doctrine of unjust enrichment must also be dismissed on the ground that it arises out of the same subject matter governed by the agreement (see Julien J. Studley, Inc. v New York News, 70 NY2d 628 [1987]; Standardbred Owners Assn. v Yonkers Racing Corp., 209 AD2d 507 [1994]).

However, the defendants were not entitled to summary judgment on the second counterclaim to compel the plaintiff to transfer his interest in Drillco Devices to the defendant Lacey. Pursuant to the agreement, the plaintiff was required to transfer his interest in Drillco Devices provided that the assets and liabilities of Drillco Devices were divided. An issue of fact remains as to whether such division of assets and liabilities occurred.

The plaintiff's remaining contention is without merit. Altman, J.P., S. Miller, Krausman and Goldstein, JJ., concur.