■ ARON RAKYLAR, Appellant, v WASHINGTON MUTUAL BANK et al., Respondents. [858 NYS2d 759]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated February 7, 2007, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

While it is undisputed that the defendant Washington Mutual Bank made several errors in regard to the plaintiff's refinancing

transaction, the plaintiff cannot prevail on a breach of contract theory unless he sustained actual damages as a natural and probable consequence of such breach (*see Standard Fed. Bank v Healy*, 7 AD3d 610 [2004]; *Wenger v Alidad*, 265 AD2d 322 [1999]). Here, the damages alleged by the plaintiff are too speculative to sustain the cause of action (*see Lloyd v Town of Wheatfield*, 67 NY2d 809 [1986]; *Neos v Lacey*, 2 AD3d 812 [2003]).

Additionally, the plaintiff may not recover damages for his alleged emotional, psychological, and mental distress and anxiety because "absent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty" (*Wehringer v Standard Sec. Life Ins. Co. of N.Y.*, 57 NY2d 757, 759 [1982]; *see Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469 [2002]; *Smith v Chase Manhattan Bank, USA*, 293 AD2d 598 [2002]). Here, the parties' relationship was a contractual one between a borrower and a bank, which does not give rise to a duty which could furnish a basis for tort liability (*see Wehringer v Standard Sec. Life Ins. Co. of N.Y.*, 57 NY2d 757 [1982]; *Walts v First Union Mtge. Corp.*, 259 AD2d 322 [1999]; *Bank Leumi Trust Co. of N.Y. v Block 3102 Corp.*, 180 AD2d 588 [1992]). Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.