■ VALERIE PIERSON, Plaintiff, v EMPIRE STATE LAND ASSOCIATES, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants. AU BON PAIN CO., INC., et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [886 NYS2d 411]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated February 29, 2008, as granted that branch of the third-party defendants' motion which was for

summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against ABP Holdings, Inc., and ABP Corporation, and denied that branch of their cross motion which was for summary judgment on that third-party cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The interpretation of an unambiguous contract is the function of the court and the intent of the parties must be gleaned from the four corners of the agreement (*see Jackson & Wheeler, Inc. v Village of Pleasantville*, 56 AD3d 723, 724-725 [2008]). When construing the language of a contract, the court's goal is to arrive at a construction that will give fair meaning to all of the language used by the parties, "and to reach a practical interpretation of the expressions of the parties to the end that there [is] a realization of [their] reasonable expectations" (*Partrick v Guarniere*, 204 AD2d 702, 704 [1994] [internal quotation marks and citations omitted]).

Applying those principles to the instant case, the Supreme Court properly found that the subject lease cancellation agreement extinguished the respondents' obligation under the lease to indemnify the appellants, as the parties agreed to have certain specific obligations survive the termination, without including the obligation to indemnify of which they were aware. Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against them, and properly denied that branch of the appellants' cross motion which was for summary judgment on that third-party cause of action. Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.