■ ROBERT BARKER, Appellant, v TIME WARNER CABLE, INC., et al., Respondents. [923 NYS2d 118]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Marber, J.), entered July 6, 2009, as granted those branches of the defendants' motion which were to dismiss the causes of ac-

tion alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment pursuant to CPLR 3211 (a) (7), and (2) so much of an order of the same court entered February 23, 2010, as denied that branch of his motion which was for leave to amend the complaint pursuant to CPLR 3025 (b).

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Time Warner Cable, Inc. (hereinafter Time Warner), hired the plaintiff as an account manager. Allegedly during his tenure with Time Warner, the plaintiff procured various contracts on behalf of Time Warner with Sprint Communications Company, L.P., and its related entities (hereinafter collectively Sprint), which permitted Sprint to lease Time Warner's equipment for use with its wireless telecommunications service. Time Warner, pursuant to a sales compensation agreement with the plaintiff, began paying him commissions. However, in May 2008, the plaintiff was removed from the Sprint account and informed that he would not be receiving any commissions from future Sprint installations. As a result, the plaintiff commenced this action against Time Warner and its related entities (hereinafter collectively the defendants), inter alia, to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment, based on the defendants' wrongful withholding of earned commissions. The defendants moved, among other things, to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and the Supreme Court granted those branches of the motion.

In order to state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached (*see Woodhill Elec. v Jeffrey Beamish, Inc.*, 73 AD3d 1421, 1422 [2010]; *Peters v Accurate Bldg. Inspectors Div. of Ubell Enters., Inc.*, 29 AD3d 972 [2006]; *Atkinson v Mobil Oil Corp.*, 205 AD2d 719, 720 [1994]). Here, as the Supreme Court correctly concluded, the complaint failed to allege the provisions of the sales compensation agreement the defendants breached when they stopped paying the plaintiff commissions. Further, the evidentiary material the plaintiff submitted in opposition to the defendants' motion, including his affidavit and the sales compensation agreement, failed to remedy the defects in the complaint (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]; *Lester v Braue*, 25 AD3d 769, 769-770 [2006]). In his affidavit, the plaintiff again failed to identify the provisions of the contract that entitled him to a commission, instead pointing to portions

of the complaint alleging entitlement to greater commissions for procuring longer-term contracts. Under the terms of the sales compensation agreement (see *Gennes v Yellow Book of N.Y., Inc.,* 23 AD3d 520, 521 [2005]), commissions are "[e]arned upon installation" and, thus, the plaintiff failed to identify any obligation the defendants breached when they informed him that he would not be receiving any commissions for future installations. Indeed, another clause in the sales compensation agreement provided that, upon resignation or termination, an account manager would receive commissions for only those contracts signed and/or renewed and installed prior to the date of resignation or termination. The meaning of "installation" is unambiguous, and the alternative interpretation the plaintiff offers is not a reasonable one (see *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162-163 [1990]; *Pierson v Empire State Land Assoc., LLC,* 65 AD3d 1114, 1115 [2009]; *McCabe v Witteveen,* 34 AD3d 652, 653-654 [2006]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging breach of contract.

As pleaded in the complaint, the cause of action alleging breach of the implied covenant of good faith and fair dealing is duplicative of the cause of action alleging breach of contract (see *Deer Park Enters., LLC v Ail Sys., Inc.,* 57 AD3d 711, 712 [2008]; *ICD Holdings S.A. v Frankel,* 976 F Supp 234, 243-244 [1997]) and, therefore, was subject to dismissal.

"The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter. A quasi contract only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388 [1987] [internal quotation marks and citations omitted]; see *Neos v Lacey,* 2 AD3d 812, 814 [2003]). Since the sales compensation agreement governs when commissions are earned, and the plaintiff's cause of action alleging unjust enrichment arises out of the same subject matter, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging unjust enrichment (see *Neos v Lacey,* 2 AD3d at 814).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend his complaint, as the proposed amended complaint was patently devoid of merit (see CPLR 3025 [b]; *Petty v Barnes,* 70 AD3d 661, 663 [2010]; *Smiley Realty of*

*Brooklyn, LLC v Excello Film Pak, Inc.*, 67 AD3d 891, 892 [2009]). Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.

Motion by the respondents, inter alia, to strike the appellant's reply brief on appeals from two orders of the Supreme Court, Nassau County, entered July 6, 2009, and February 23, 2010, respectively, on the ground that it improperly raises issues for the first time in reply. By decision and order on motion of this Court dated December 28, 2010, that branch of the motion which was to strike the appellant's reply brief on the ground that it improperly raises issues for the first time in reply was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to strike the appellant's reply brief on the ground that it improperly raises issues for the first time in reply is granted, and the appellant's reply brief is stricken and has not been considered in the determination of the appeals. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur. **[Prior Case History: 24 Misc 3d 1213(A), 2009 NY Slip Op 51446(U).]**