■ ERIC MARTIN, Appellant-Respondent, v SOUTHERN CON-
TAINER CORP. et al., Respondents-Appellants. [938 NYS2d 335]—

In or around May 1988, when the defendant Southern
Container Corp. (hereinafter SCC) hired the plaintiff as a
salesperson, the plaintiff's father also worked for SCC as a
salesperson. A letter on SCC letterhead addressed to the
plaintiff, dated May 31, 1988 (hereinafter the letter agreement),
provided, in pertinent part, "[w]e also hereby agree that upon
your father's retirement, you will be permitted to succeed to his
accounts." In addition, at the time of his hiring, the plaintiff
was given an Employee Handbook and Benefit Booklet (herein-
after employee handbook).

Eventually, the plaintiff's father retired from SCC. Later, the
plaintiff's employment with SCC was terminated. Subsequently,
SCC was acquired by the defendant Rock-Tenn Services, Inc.,
also known as Rock-Tenn Company (hereinafter Rock-Tenn), or
its subsidiary.

The plaintiff commenced this action against SCC and Rock-
Tenn (hereinafter together the defendants). In his first cause of
action, the plaintiff alleged, in effect, that the defendants
breached the letter agreement by failing to transfer the ac-
counts of his father to him upon his father's retirement. In his
second cause of action, the plaintiff alleged that the defendants

owed him "vacation pay in accordance with the parties' agreement and handbook." In his third cause of action, the plaintiff alleged that the defendants had been unjustly enriched.

The plaintiff moved for summary judgment on the issue of liability on the first and second causes of action. The defendants cross-moved for summary judgment dismissing the complaint. The plaintiff also separately moved for leave to amend the complaint. In an order dated October 19, 2010, the Supreme Court, inter alia, granted that branch of the defendants' cross motion which was for summary judgment dismissing the first cause of action, denied that branch of the defendants' cross motion which was for summary judgment dismissing the second cause of action, and denied the plaintiff's separate motion for leave to amend the complaint.

The Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the first cause of action, which sought to recover damages, in effect, for breach of contract. In moving for summary judgment dismissing this cause of action, the defendants argued, inter alia, that the plaintiff succeeded to the accounts which were the accounts of his father when his father retired. In addition, in accordance with the plain meaning of the letter agreement, the defendants were not precluded from transferring the plaintiff's father's accounts from the father to other salespersons prior to the father's retirement (*see generally Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.*, 10 AD3d 699, 699 [2004]). Consequently, and contrary to the plaintiff's contention, the defendants were not obligated to maintain the father's accounts as an integral unit up until the time when the plaintiff succeeded to them, but only to permit the plaintiff to succeed to those accounts which actually remained with the father as of the date of the father's retirement. In support of their motion, the defendants submitted proof establishing, prima facie, that the plaintiff did, in fact, take over the accounts of his father following his father's retirement. In response to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Smith v Meridian Tech., Inc.*, 86 AD3d 557, 560 [2011]).

The defendants also argue that a disclaimer provision in the employee handbook bars the plaintiff's second cause of action to recover vacation pay based on the employee handbook. "Routinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements . . . It would subject employers who have developed

written policies to liability for breach of employment contracts upon the mere allegation of reliance on a particular provision. Clearly, that cannot be, especially in light of conspicuous disclaiming language" (*Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 317 [2001]). Here, the handbook relied upon by the plaintiff provides no basis for the imposition of an implied contractual obligation upon the defendants to pay the plaintiff for his unused vacation time (*see Sabetay v Sterling Drug*, 69 NY2d 329 [1987]; *O'Connor v Eastman Kodak Co.*, 65 NY2d 724 [1985]; *Murphy v American Home Prods. Corp.* 58 NY2d 293 [1983]), and the conspicuous inclusion of language disclaiming any intent to create a binding contract further undermines the plaintiff's contention. Therefore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action.

The Supreme Court providently exercised its discretion in denying the plaintiff's separate motion for leave to amend the complaint since the proposed amended complaint was patently devoid of merit (*see* CPLR 3025 [b]; *Barker v Time Warner Cable, Inc.*, 83 AD3d 750, 752 [2011]; *Petty v Barnes*, 70 AD3d 661, 663 [2010]).

The parties' remaining contentions need not be reached in light of the foregoing determination. Angiolillo, J.P., Dickerson, Austin and Cohen, JJ., concur. **[Prior Case History: 29 Misc 3d 1217(A), 2010 NY Slip Op 51862(U).]**