■ Ricardo Cervini et al., Appellants, v Elio D. Zanoni, Respondent. [944 NYS2d 574]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Tannenbaum, J.), entered November 1, 2010, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and denied, as academic, their cross motion for leave to amend the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR

3211 (a) (1), and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying, as academic, the plaintiffs' cross motion for leave to amend the complaint, and substituting therefor a provision denying the cross motion on the merits; as so modified, the order is affirmed, with costs payable to the defendant.

The plaintiffs allege that the defendant, their former attorney in a mortgage foreclosure action instituted against them by their lender, Wells Fargo Bank, N.A. (hereinafter Wells Fargo) (see Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789 [2011]), negligently failed to interpose an answer in that action on their behalf, instead filing only a notice of appearance, and negligently failed to rescind the subject loan and mortgage pursuant to Wells Fargo's alleged violation of a provision in the Truth-in-Lending Act (15 USC § 1601 et seq. [hereinafter TILA]) requiring notice of the right to rescind a mortgage loan within three days of closing. The plaintiffs further allege that such failure resulted in a default judgment being entered against them in the foreclosure action and the loss of interest and closing costs that Wells Fargo would have refunded to them if the subject loan and mortgage had been rescinded pursuant to the TILA.

In lieu of an answer, the defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The plaintiffs opposed and cross-moved for leave to serve an amended complaint that provided greater detail with respect to Wells Fargo's alleged TILA disclosure violation and the defendant's alleged negligence in failing to rescind the subject loan and mortgage pursuant to the TILA. The Supreme Court granted the defendant's motion and denied the plaintiffs' cross motion as academic.

To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession," and (2) that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (Leder v Spiegel, 9 NY3d 836, 837 [2007], cert denied sub nom. Spiegel v Rowland, 552 US 1257 [2008] [internal quotation marks omitted]; see Dempster v Liotti, 86 AD3d 169, 176 [2011]). "To establish the element of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence" (Snolis v Clare, 81 AD3d 923, 925 [2011]).

A motion to dismiss pursuant to CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence ut-

terly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]). Here, the defendant failed to present any documentary evidence that conclusively established a defense as a matter of law (*see DeStaso v Condon Resnick, LLP*, 90 AD3d 809, 814 [2011]; *Nisari v Ramjohn*, 85 AD3d 987, 990 [2011]). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

The Supreme Court, however, properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). In considering a motion pursuant to CPLR 3211 (a) (7), the facts alleged in the complaint are generally accepted as true and the plaintiffs are afforded the benefit of every possible inference (*see Reid v Gateway Sherman, Inc.*, 60 AD3d 836, 837 [2009]; *Roth v Goldman*, 254 AD2d 405, 406 [1998]). In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court is concerned with only whether the facts as alleged fit within any cognizable legal theory (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326; *Leon v Martinez*, 84 NY2d at 87-88; *Peery v United Capital Corp.*, 84 AD3d 1201 [2011]).

"The equitable goal of rescission under TILA is to restore the parties to the 'status quo ante' . . . [I]t was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest" (*American Mtge. Network, Inc. v Shelton*, 486 F3d 815, 820-821 [2007] [citations omitted]). Accordingly, "[e]ffective rescission under the [TILA] requires the borrower to make restitution of the amounts expended by the lender" (*Clemmer v Liberty Fin. Planning, Inc.*, 467 F Supp 272, 276 [1979]; *see Bustamante v First Fed. Sav. & Loan Assn. of San Antonio*, 619 F2d 360, 365 [1980]). Thus, in order to state a cause of action for rescission of a loan and mortgage under the TILA, a mortgagee must assert both the mortgagor's alleged TILA disclosure violation and that he or she can tender to the mortgagor the principal of the loan (*see Berkeley Fed. Bank & Trust v Siegel*, 247 AD2d 498 [1998]).

Here, in alleging that the defendant committed legal malpractice by failing to answer and by failing to rescind the subject mortgage and loan pursuant to the TILA, the complaint fails to

allege that the plaintiffs were able to tender to Wells Fargo the principal of the mortgage loan. Moreover, the plaintiffs admit in their proposed amended complaint that they "could not make their mortgage payments under [a] forbearance agreement" they had entered into while represented by the defendant herein. Accordingly, both the complaint and the proposed amended complaint failed to state a cause of action for legal malpractice based on the defendant's failure to rescind the subject loan and mortgage pursuant to Wells Fargo's alleged violation of the TILA. Therefore, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Since the proposed amended complaint was patently devoid of merit, the plaintiffs' cross motion for leave to amend the complaint should have been denied on the merits (see CPLR 3025 [b]; Martin v Southern Container Corp., 92 AD3d 647, 649 [2012]).

The plaintiffs' remaining contentions are without merit. Balkin, J.P., Belen, Hall and Miller, JJ., concur.