■ LUISA V. TORRES, Appellant, v LOUZOUN ENTERPRISES, INC., Doing Business as QUEENSBORO TOYOTA, Respondent. [963 NYS2d 682]—

In an action to recover damages for employment discrimination based on a hostile work environment, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Butler, J.), dated April 16, 2012, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and (2) an order of the same court entered May 21, 2012, which denied her motion pursuant to CPLR 3025 for leave to amend the complaint.

Ordered that the orders are affirmed, with one bill of costs.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction (*see* CPLR 3026), "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). Here, the plaintiff failed to allege a cognizable cause of action to recover damages for employment discrimination under the laws of either New York State or New York City (*see* Executive Law § 296 [1] [a]; Administrative Code of City of NY § 8-107 [1] [a]). The plaintiff failed to allege that she was a member of a protected class and

that adverse employment action occurred under circumstances giving rise to an inference of discrimination based on her membership in a protected class (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Lambert v Macy's E., Inc.*, 84 AD3d 744, 745 [2011]). Moreover, the facts in support of her allegations of a hostile work environment "fell short of [alleging] that the workplace [was] permeated with discriminatory intimidation, ridicule, and insult . . . that [was] sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment and create an abusive working environment" (*Kamen v Berkeley Coop. Towers Section II Corp.*, 98 AD3d 1086, 1087 [2012] [internal quotation marks omitted]; *see Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]; *Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671, 673 [2006]). Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3025 for leave to amend the complaint, since the proposed amended complaint was patently devoid of merit (*see* CPLR 3025 [b]; *Martin v Southern Container Corp.*, 92 AD3d 647, 649 [2012]; *Barker v Time Warner Cable, Inc.*, 83 AD3d 750, 752 [2011]). Skelos, J.P., Angiolillo, Roman and Cohen, JJ., concur.