Stacey Mohammed, Respondent,
against
Start Treatment & Recovery Centers, Inc., Appellant, Addiction Research & Treatment Corp., Defendant.




Parker Pohl, LLP (David M. Pohl of counsel), for appellant.
David C. Wims, Esq., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered October 17, 2016. The order, insofar as appealed from as limited by the brief, denied the branch of a motion by defendant Start Treatment & Recovery Centers, Inc. seeking summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of the motion by defendant Start Treatment & Recovery Centers, Inc. seeking summary judgment dismissing the complaint is granted.
In January 2013, Start Treatment & Recovery Centers, Inc. (defendant), which at that time operated under the name of defendant "Addiction Research and Treatment Corp." (ARTC), hired plaintiff as an at-will employee to work in the position of human resources manager, at an annual salary of $65,000. Within the first month of her employment, plaintiff was notified that, in addition to working as defendant's human resources manager, she would be performing the job of defendant's human resources recruiter. Defendant rejected plaintiff's June 25, 2013 request for a salary increase and continued to employ plaintiff at an annual salary of $65,000 until June 25, 2014, when it terminated her employment.
In this action, plaintiff, asserting that defendant wrongfully failed to pay her hourly wages at her regular rate of pay for five hours per week, for overtime at 1½ times her regular rate of pay, and a bonus for the period from July 1, 2013 through April 2014, alleges four causes of action: for breach of contract under New York common law; for unpaid overtime under section 207 of the Fair Labor Standards Act (29 USC §§ 201 et seq. [FLSA]); for unpaid overtime under Labor Law § 652 and 12 NYCRR § 142-2.2; and for statutory penalties for violation of record-keeping requirements under Labor Law § 195 (1) and (3). In its answer, defendant admitted that it had employed plaintiff at an annual salary of $65,000, but, insofar as relevant to this appeal, denied having breached a contract of employment with plaintiff. Defendant additionally claimed that [*2]plaintiff had been exempt from the wage and overtime requirements of both the FLSA and the Labor Law, and, as an exempt employee, had not been entitled to the statements otherwise mandated under Labor Law § 195 (1) and (3).
Following discovery, during the course of which plaintiff was deposed, defendant moved, in pertinent part, for summary judgment dismissing the complaint, pursuant to CPLR 3212. In support of the motion, defendant submitted, among other things, plaintiff's deposition transcript, excerpts from defendant's employee handbook, defendant's December 13, 2012 letter-form job offer to plaintiff for a position as "human resources manager," "exempt employees" notices signed by plaintiff on February 13, 2013 and January 8, 2014, human resources manager job descriptions acknowledged by plaintiff, performance reviews for plaintiff dated August 12, 2013 and March 7, 2014, a human resources recruiter job description, and a June 25, 2013 email in which plaintiff requested an increase in her salary. Defendant in effect denied that its job offer to plaintiff, to work as an at-will employee for an annualized salary, had constituted a contract to pay plaintiff at an hourly rate based on a 35-hour work week or to pay plaintiff bonuses. It contended that, based on her position as human resources manager and human resources recruiter, plaintiff had been a salaried administrative employee who was exempt from the hourly pay requirements of the FLSA and the Labor Law, and cited plaintiff's job descriptions, her written acknowledgments that she was an "exempt" employee for those purposes, and portions of plaintiff's deposition testimony in support of that position.
Plaintiff neither submitted any evidentiary materials in opposition to defendant's motion nor challenged the evidentiary value of the materials defendant had submitted. With respect to her cause of action for breach of contract, plaintiff argued that defendant's job offer to her had constituted a contract of employment, pursuant to which she was required to work 35 hours per week as a human resources manager, and that, accordingly, she was entitled to additional pay for the time she had worked in excess of 35 hours per week. While plaintiff conceded that she had met the salary and "primary duty" prongs of the test to determine whether she had been exempt from the pay and overtime requirements of the FLSA and the Labor Law, she argued that questions of fact existed as to whether she had exercised discretion and independent judgment with respect to matters of significance, which is also a factor in the determination of whether an employee employed in an administrative capacity is exempt from the FLSA's and the Labor Law's pay and overtime requirements.
The Civil Court denied defendant's motion.
From plaintiff's contention that the "job offer confirmation" from ARTC constituted a contract to pay her at the annual rate of $65,000 for 35 hours of work per week, as well as a bonus, plaintiff extrapolated that she was entitled to be paid at the same rate for hours 35 to 40 of each work week she had worked in excess of 35 hours, as well as time-and-a-half for work she had performed in excess of 40 hours in any week. The "job offer confirmation" ARTC sent plaintiff included the following language:
"Compensation Your position as a Human Resources Manager is a full-time position and the Corporation expects you to work 35 hours per week. The anticipated annual salary is $65,000. You will be paid on a biweekly basis. Depending on your position you may be entitled to certain benefits such as employer-paid or sponsored benefits.
* * *
In accepting our offer of employment, you certify your understanding that your employment will be on an at-will basis, and that neither you nor ARTC has entered ento a contract regarding the terms or the duration of your employment. As an at-will employee, you will be free to terminate your employment with ARTC at any time, with or without cause. Likewise, the ARTC will have the right to reassign you, or to terminate your employment at any time, with or without cause" (emphasis added).
While an offer letter may constitute a contract of employment (see e.g. Kamdem-Ouaffo v Balchem Corp., 2018 WL 4386092, *11-13 [SD NY 2018]), where, as here, the offer letter includes a disclaimer, the context of the disclaimer informs the court as to what is being disclaimed (see e.g. Twomey v Quad/Graphics, Inc., 2015 WL 5698002 [SD NY 2015]; Barker v Time Warner Cable, Inc., 24 Misc 3d 1213[A], 2009 NY Slip Op 51446[U], *4-5 [Sup Ct, Nassau County 2009], affd 83 AD3d 750 [2011]; Howard v Greenbriar Equity Group, LLC, 20 Misc 3d 1140[A], 2008 NY Slip Op 51806[U], *9 [Sup Ct, Westchester County 2008]). Here, we conclude that the disclaimer in the offer letter that ARTC sent plaintiff pertained to the terms and duration of plaintiff's employment. Defendant's reliance on this letter was thus sufficient to establish, prima facie, defendant's entitlement to summary judgment dismissing plaintiff's cause of action for breach of contract based on defendant's failure to pay plaintiff for hours worked in excess of 35 hours per week. Since, in opposition to this showing, plaintiff failed to produce evidentiary proof sufficient to establish the existence of material issues of fact which would require a trial of the cause of action for breach of contract, the branch of defendant's motion seeking summary judgment dismissing that cause of action should have been granted (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 448 [2016]). 
Both the FLSA and New York law impose a minimum overtime rate of 1½ times an employee's regular rate of pay for hours worked in excess of 40 hours (see 29 USC § 207 [a] [1]; 12 NYCRR § 142-2.2), but exempt employees in bona fide executive, administrative, or professional capacities from that requirement (see 29 USC § 213 [a] [1]; 12 NYCRR §§ 142-2.14, 142-3.2; see also Reiseck v Universal Communications of Miami, Inc., 591 F3d 101, 104 [2d Cir 2010]). Because the FLSA is a remedial law, its exemptions are narrowly construed (see Arnold v Ben Kanowsky, Inc., 361 US 388, 392 [1960]), and an employer invoking statutory exemptions under the FLSA bears the burden of proving that its employee or former employee falls within the law's exemptions (see Paganas v Total Maintenance Solution, LLC, 726 Fed Appx 851, 853 [2d Cir 2018]; Havey v Homebound Mtge., Inc., 547 F3d 158, 163 [2d Cir 2008]; Bilyou v Dutchess Beer Distribs., Inc., 300 F3d 217, 222 [2d Cir 2002]).The viability of plaintiff's second cause of action, for unpaid overtime under the FLSA, and her third cause of action, for unpaid overtime under Labor Law § 652 and 12 NYCRR § 142-2.2, turns on whether plaintiff was exempt from the requirements of those laws, which mandate payment for hours worked in excess of 40 hours per week.
It was undisputed that plaintiff, who earned an annualized salary of $65,000, met the salary level and salary basis components to qualify for both the federal and state exemptions for employment "in a bona fide administrative capacity," and that her "primary duty" was the "performance of office or non-manual work directly related to [defendant's] management or general business operations" (29 USC § 213 [a] [1]; see also 12 NYCRR § 142-2.14 [a] [ii]). The parties disagreed, however, as to whether plaintiff's "primary duties [included] the exercise [*3]of discretion and independent judgment with respect to matters of significance" (29 CFR 541.200; see also 12 NYCRR § 142-2.14 [a] [ii] [b]), a critical factor in determining whether an employee is employed in a "bona fide administrative capacity" and is thus exempt from the requirement for payment of overtime. 
Regulations issued by the United States Department of Labor [FN1]
 set forth 10 factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance (see 29 CFR 541.202 [b]). An employee's actions "may consist of recommendations for taking action rather than the actual taking of action," and may be subject to review at a higher level and revision or reversal, yet still constitute the exercise of "discretion and independent judgment" (29 CFR 541.202 [c]). An employee who meets "at least two or three" of the enumerated factors qualifies as an exempt employee who exercises discretion and independent judgment under the administrative exemption (see Raffe v American Natl. Red Cross, 2011 WL 6019436, *12 [ND NY 2011]; Swartz v Windstream Communications, Inc., 2010 WL 2723213, *5 [WD Pa 2010]; Smith v Johnson and Johnson, 2008 WL 5427802, *11 [D NJ 2008]; see also 69 Fed Reg 22122-01, 2004 WL 865626 [F.R.], 69 Fed Reg at *22143-22144). 

While the question of how an employee spends his or her time working is a question of fact, the question of whether the employee's particular undisputed activities exclude the employee from the overtime benefits of the FLSA is a question of law (Icicle Seafoods, Inc. v Worthington, 475 US 709, 714 [1986]; Harper v Government Empls. Ins. Co., 754 F Supp 2d 461, 463 [ED NY 2010]). The fact that an employee performs nonexempt work does not disqualify an employee from exempt status if she concurrently performs exempt functions and her "primary duties" qualify for exemption (see In re Family Dollar FLSA Litigation, 637 F3d 508, 516-517 [4th Cir 2011]).

As evidence that plaintiff had satisfied the first of the 10 factors listed in the Department of Labor's regulations as indicia of whether an employee exercises discretion and independent judgment ("whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices" [29 CFR 541.202 (b)]), defendant cited portions of plaintiff's deposition testimony in which she had stated that, when addressing gray areas in defendant's policy and procedure manual, she had used her judgment to interpret defendant's policies and guidelines and had made recommendations based on such judgment, and that she had made "assessments" as to whether, when seeking people to fill certain job vacancies, defendant should hire individuals who had lesser credentials than it generally required. It also cited plaintiff's testimony that she had drafted a "whole policy on interns" for defendant and had devised a methodology to process new employees through one of defendant's divisions. Although plaintiff testified that she had not had the authority to make decisions on her own, and that her recommendations were not always accepted, the fact that plaintiff's discretion and independent judgment were subject to review did not remove her from the category of exempt administrative employee (see 29 CFR 541.202 [c]). The evidence defendant offered was thus sufficient to establish, prima facie, that plaintiff's job had satisfied the first factor listed by the Department of Labor as an indication of the exercise of discretion and independent judgment.

As evidence that plaintiff had satisfied the second of the 10 factors listed in the Department of Labor's regulations (carrying out "major assignments in conducting the operations of the business" [29 CFR 541.202 (b)]), defendant cited portions of plaintiff's deposition testimony in which she had stated that she had represented defendant at job fairs and at civic and social groups, where she had had leeway in how she had presented defendant to job applicants; that she had prepared an extensive report concerning employee turnover; that she had been tasked with figuring out the reasons people had left defendant's employ and suggesting methods for retaining employees; that she had developed her own strategy with respect to recruiting; that she had streamlined the job application process; that she had developed a network of contacts to help identify potential job candidates; that she had represented defendant at an unemployment hearing; and that she had been involved in the determination of the appropriate discipline for an employee who had violated work rules. The evidence defendant offered was sufficient to establish, prima facie, that plaintiff's job had satisfied the second factor listed by the Department of Labor as an indication of the exercise of discretion and independent judgment.

By its citation to plaintiff's testimony, discussed above, as well as plaintiff's testimony that she had handled regulatory compliance with respect to criminal and other background checks, defendant established, prima facie, that plaintiff's position had satisfied the third factor listed by the Department of Labor as an indication of the exercise of discretion and independent judgment ("whether the employee performs work that affects business operations to a substantial degree" [29 CFR 541.202 (b)]). Defendant also cited plaintiff's testimony that she had advised defendant's management on its human resources operations and had helped solve personnel problems, as well as her drafting of a policy respecting interns, to establish, prima facie, that her position had satisfied the seventh factor listed by the Department of Labor as an indication of the exercise of discretion and independent judgment ("provides consultation or expert advice to management" [29 CFR 541.202 (b)]). Since an employee who meets at least two or three of the factors listed by the Department of Labor qualifies as an "exempt" employee for purposes of the FLSA and, by extension, the Labor Law, defendant established, prima facie, that plaintiff was an exempt employee. 

Plaintiff cited to portions of her deposition in which she characterized some of the work she had performed as "rote," and in which she testified about certain duties she had not performed and decisions she had not made in her capacity as human resources manager or human resources recruiter. She did not, however, contradict defendant's assertions concerning her testimony. Plaintiff thus failed to establish the existence of material issues of fact which would require a trial of the action, or the existence of issues of law which were sufficient to defeat defendant's motion for summary judgment dismissing plaintiff's second and third causes of action.

Plaintiff's fourth cause of action seeks to recover statutory penalties based on defendant's alleged violation of the record-keeping requirements of Labor Law § 195 (1) and (3). The only alleged items of noncompliance plaintiff cited in her response to defendant's motion for summary judgment were defendant's failure to include the number of hours worked and the applicable overtime pay rates on the wage statements it had provided to plaintiff. Since those items are inapplicable to a bona fide administrative employee, as plaintiff has been determined to be, we further find that defendant established its entitlement to summary judgment dismissing plaintiff's fourth cause of action.

We reach no other issue.

Accordingly, the order, insofar as appealed from, is reversed, and the branch of the motion by defendant Start Treatment & Recovery Centers, Inc. seeking summary judgment dismissing the complaint is granted.

PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: March 22, 2019



Footnotes

Footnote 1:Regulations issued by the United States Department of Labor have the binding effect of law (see Batterton v Francis, 432 US 416, 426 n 9 [1977]).