Reilly v First Niagara Bank, N.A. (2019 NY Slip Op 04974)





Reilly v First Niagara Bank, N.A.


2019 NY Slip Op 04974


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-01820
 (Index No. 33878/14)

[*1]Eileen Reilly, appellant, 
v
First Niagara Bank, N.A., respondent.


Condon & Associates, PLLC, Nanuet, NY (Brian K. Condon and Laura M. Catina of counsel), for appellant.
Bond, Schoeneck & King PLLC, Buffalo, NY (Sharon M. Porcellio, Erin S. Torcello, Ernest R. Stolzer, and Tyler Hendry of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for employment discrimination and hostile work environment on the basis of sex in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated February 2, 2017. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant, her employer, to recover damages for employment discrimination and hostile work environment on the basis of sex in violation of Executive Law § 296, based, in large part, upon the conduct of and comments made by her supervisor. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. By order dated February 2, 2017, the Supreme Court granted the motion. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Sokol v Leader, 74 AD3d 1180, 1181). Here, the plaintiff failed to allege a cognizable cause of action to recover damages for employment discrimination based on sex in violation of Executive Law § 296 (see Torres v Louzoun Enterprises, Inc., 105 AD3d 945). The plaintiff failed to allege that an adverse employment action occurred under circumstances giving rise to an inference of discrimination based on her sex (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305; Llanos v City of New York, 129 AD3d 620; Scarfone v Village of Ossining, 23 AD3d 540, 541). Moreover, the facts asserted in support of the plaintiff's allegations of a hostile work environment "fell short of [alleging] that the workplace [was] permeated with discriminatory intimidation, ridicule, and insult . . . that [was] sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment and create an abusive working environment" (Kamen v Berkeley Coop. Towers Section II Corp., 98 AD3d 1086, 1087 [internal quotation marks omitted]; see Harris [*2]v Forklift Systems, Inc., 510 US 17, 21). Further, the plaintiff failed to sufficiently allege that the defendant became a party to such alleged conduct "by encouraging, condoning, or approving it" (Beharry v Guzman, 33 AD3d 742, 743; see Matter of State Div. of Human Rights v St. Elizabeth's Hosp., 66 NY2d 684, 687; Matter of Totem Taxi v New York State Human Rights Appeal Bd., 65 NY2d 300, 305). Accordingly, we agree with the Supreme Court's determination granting the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court