Sternberg v Continuum Health Partners, Inc. (2020 NY Slip Op 05071)





Sternberg v Continuum Health Partners, Inc.


2020 NY Slip Op 05071


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02231
 (Index No. 17871/14)

[*1]Martin Sternberg, etc., appellant, 
v
Continuum Health Partners, Inc., et al., respondents.


Matthew S. Porges, Brooklyn, NY, for appellant.
Akerman LLP, New York, NY (Rory J. McEvoy and Brittany A. Buccellato of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated November 22, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract, and substituting therefor a provision granting that branch of the defendants' motion to the extent the alleged breach of contract was based on vacation time accrued in 2007, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff was employed as a radiologist by the defendant Beth Israel Medical Center (hereinafter Beth Israel) from July 1, 2007, until approximately September 3, 2010. The plaintiff commenced this action on or about December 24, 2014, to recover the value of 7 vacation days that he accrued in 2007, and 15 vacation days that he accrued in 2008. The complaint alleged that, pursuant to the plaintiff's contract, Beth Israel was obligated to provide him with 22 vacation days each year, and that, at the time the plaintiff entered into the employment contract, the chairman of the Radiology Department, Michael Abiri, stated that any accrued vacation time could be carried over indefinitely. The complaint further alleged that Abiri repeated this assurance at the end of 2008, but that at the end of 2009, Abiri informed the plaintiff that the vacation leave he had accrued in 2007 and 2008 could not be used and the plaintiff would not be compensated financially for that accrued leave. The plaintiff alleges that he sought payment for the unused vacation leave from the defendants, Beth Israel and Continuum Health Partners, Inc., but they refused to compensate him. The complaint seeks damages, inter alia, on a theory of breach of contract.
The defendants moved, inter alia, for summary judgment dismissing the cause of action alleging breach of contract on the grounds that, pursuant to the parties' contract, the plaintiff was not entitled to carry over accrued vacation leave from one year to the next, and so much of the cause of action as was based on vacation leave accrued in 2007 was time-barred. In support of their motion, the defendants submitted, inter alia, the plaintiff's offer of employment letter; excerpts of [*2]the plaintiff's deposition testimony; an affidavit of Joan Malone, the Project Manager for Human Resources Information Systems at the Mount Sinai Health System; and certain of the plaintiff's pay stubs. The offer of employment letter, dated April 5, 2007, and signed by the plaintiff and Abiri, stated, inter alia, that, in addition to certain monetary compensation, the plaintiff would receive 22 vacation days annually, Human Resources would advise the plaintiff in detail regarding any questions pertaining to his benefits, and the plaintiff would be required to abide by "the rules and regulations of the hospital center."
At his deposition, the plaintiff testified that before he signed the offer of employment, he specifically asked Abiri whether vacation days could be carried over "indefinitely" and that Abiri had said yes, "you don't have to worry. I've never had any of my radiologists lose any of their vacation time." The plaintiff also testified that he received a booklet from Human Resources, but that nothing therein specifically pertained to vacation leave. In her affidavit, Malone stated that Beth Israel's vacation time policy in effect from January 2002 to March 31, 2013, provided that any remaining accrued vacation time would be forfeited after the first quarter (March 31st) of the following year. A copy of the policy was attached to Malone's affidavit.
In the order appealed from, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging breach of contract. The court found, among other things, that the defendants had established, prima facie, that the Beth Israel vacation time policy constituted the contract between the parties as to the accrual of vacation time, and that the plaintiff had waived his right to the vacation time in question by failing to use it within the requisite time. The plaintiff appeals.
Here, the defendants failed to meet their burden of demonstrating the absence of any triable issues of fact concerning whether, pursuant to the plaintiff's contract with Beth Israel, the plaintiff was entitled to carry over accrued vacation leave from one year to the next, beyond the last day of the first quarter of the following year. The defendants failed to establish that the vacation time policy referred to by Malone was part of the "rules and regulations of the hospital center" with which the plaintiff agreed to abide, or that the policy otherwise embodied the parties' agreement (see Lobosco v New York Tel. Co./NYNEX, 96 NY2d 312, 317; Martin v Southern Container Corp., 92 AD3d 647, 648). Further, the defendants' submissions failed to eliminate triable issues of fact as to whether Abiri was invested with the authority or apparent authority to establish the terms of the plaintiff's vacation leave (see generally Hallock v State of New York, 64 NY2d 224, 231; Ford v Unity Hosp., 32 NY2d 464, 472-473), and whether under such terms, the plaintiff could carry over his vacation time indefinitely. Accordingly, the Supreme Court should not have granted that branch of the defendants' motion which was for summary judgment dismissing the breach of contract cause of action on this ground.
However, we agree with the defendants that so much of the cause of action alleging breach of contract as was based on vacation time accrued in 2007 is time-barred. The statute of limitations for a breach of contract cause of action is six years (see CPLR 213[2]). Generally, the statute of limitations begins to run when the cause of action accrues (see CPLR 203[a]). A breach of contract cause of action accrues at the time of the breach, even though the injured party may not know of the existence of the wrong or injury (see ACE Sec. Corp., Home Equity Loan Trust Serties 2006-SL2 v DB Structured Prods., Inc., 25 NY3d 581, 594; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). Here, the defendants submitted a pay stub from May 29, 2008, which reflected that Beth Israel did not carry over any of the plaintiff's accrued vacation time from 2007. Thus, as to the plaintiff's 2007 vacation time, the alleged contract was breached no later than May 29, 2008. As this action was commenced more than six years later, so much of the cause of action alleging breach of contract as was based on the plaintiff's vacation time accrued in 2007 is time-barred. Accordingly, the defendants established their prima facie entitlement to judgment as a matter of law dismissing that portion of the breach of contract cause of action. In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the plaintiff's remaining contentions.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court