MAIN OMNI REALTY CORPORATION et al., Appellants, v CRAIG MATUS, Respondent. [1 NYS3d 319]—

In an action, inter alia, to recover damages for unjust enrichment and waste, and to extinguish the defendant's life estate in certain real property located in Huntington, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated September 25, 2012, as denied those branches of their motion which were

to strike the defendant's answer pursuant to CPLR 3126 and for summary judgment on the first and second causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Main Omni Realty Corporation, a wholly owned subsidiary of the plaintiff New York Community Bank, is the remainderman of the defendant's life estate in certain real property located in Huntington. Since 2002, the defendant has refused to pay any real property taxes or hazard insurance premiums on the subject property, resulting in tax liens being placed on the subject property, which were paid off by the plaintiffs in an effort to save the remainder interest in the subject property from forfeiture in a tax sale. The plaintiffs commenced this action against the defendant to recover damages for unjust enrichment, restitution, and waste in order to recover the property taxes and hazard insurance premiums they paid, and to extinguish the defendant's life estate in the subject property, based upon his continued refusal to pay the property taxes and hazard insurance premiums on the subject property.

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in denying that branch of their motion which was pursuant to CPLR 3126 to strike the defendant's answer, since there was no clear showing that the defendant's failure to comply with discovery demands was willful or contumacious (see *Perla v Daytree Custom Bldrs., Inc.*, 119 AD3d 758 [2014]).

"The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]). A plaintiff must show that (1) the other party was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered (see *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]).

The plaintiffs established their prima facie entitlement to judgment as a matter of law on their first cause of action, which alleged unjust enrichment and sought restitution, and their second cause of action, which alleged waste and sought to extinguish the defendant's life estate. As life tenant, the defendant was obligated to pay the property taxes and hazard insur-

ance on the subject property, and the intentional failure to do so constitutes waste (*see Matter of Giordano [Richard O.M.]*, 28 Misc 3d 519, 524 [2010]; *Matter of Houlihan*, 13 Misc 3d 419 [2004]; *Travelers Ins. Co. v 633 Third Assoc.*, 14 F3d 114, 123 [1994]). It is undisputed that the defendant intentionally failed to pay the property taxes and hazard insurance on the subject property, and he has clearly expressed his intention not to do so in the future. Under these circumstances, the remainder interest in the subject property is in constant danger of forfeiture in a tax lien sale, unless the plaintiffs continue paying the property taxes and hazard insurance premiums the defendant is otherwise obligated to pay. The plaintiffs therefore demonstrated, prima facie, that the defendant was unjustly enriched by the plaintiffs' payment of these expenses for the defendant, and that equity warrants extinguishing his life estate in the subject property. In opposition, the defendant failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action. Balkin, J.P., Hall, Austin and Barros, JJ., concur.