NFA Group v Lotus Research, Inc. (2020 NY Slip Op 01356)





NFA Group v Lotus Research, Inc.


2020 NY Slip Op 01356


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-12374
 (Index No. 524718/17)

[*1]NFA Group, etc., appellant,
v
Lotus Research, Inc., respondent.


Meyers Saxon & Cole, Brooklyn, NY (Irwin Meyers and Richard H. Byrnes of counsel), for appellant.
Shlansky Law Group, LLP, New York, NY (Colin Hagan, pro hac vice, and Peter A. Gwynne of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated September 4, 2018. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In February 2017, the plaintiff and the defendant entered into a written license and distribution agreement. Subsequently, the plaintiff commenced this action to recover damages for breach of contract. The defendant moved to dismiss the complaint, inter alia, pursuant to CPLR 3211(a)(7) for failure to state a cause of action. The Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every possible favorable inference" (Dee v Rakower, 112 AD3d 204, 208; see Leon v Martinez, 84 NY2d 83, 87-88; Canzona v Atanasio, 118 AD3d 841, 842). Evidentiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint (see Rovello v Orofino Realty Co., 40 NY2d 633, 636; Way v City of Beacon, 96 AD3d 829, 830-831; Dana v Shopping Time Corp., 76 AD3d 992, 994).
"[T]o state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (Barker v Time Warner Cable, Inc., 83 AD3d 750, 751; see Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1042; Woodhill Elec. v Jeffrey Beamish, Inc., 73 AD3d 1421, 1422; Peters v Accurate Bldg. Inspectors Div. of Ubell Enters., Inc., 29 AD3d 972, 973). Here, the complaint failed to specify the provisions of the parties' agreement that were allegedly breached. Further, the evidentiary material the plaintiff submitted in opposition to the defendant's motion failed to remedy the defect in the [*2]complaint (see Barker v Time Warner Cable, Inc., 83 AD3d at 751-752; Woodhill Elec. v Jeffrey Beamish, Inc., 73 AD3d at 1422; Lester v Braue, 25 AD3d 769, 769-770).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court