Tsatskin v Kordonsky (2020 NY Slip Op 07617)





Tsatskin v Kordonsky


2020 NY Slip Op 07617


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-13620
 (Index No. 521941/17)

[*1]Paul Tsatskin, etc., et al., appellants,
v
Michael Kordonsky, et al., respondents.


Nathan L. Dembin & Associates, P.C., New York, NY, for appellants.
Trachtman & Trachtman, Brooklyn, NY (Laura M. Trachtman of counsel), for respondents Michael Kordunsky, Dial Car, Inc., Alex Brudoley, Michael Levin, Mansoor Ahmad, Alex Reyf, Israel Yakobzon, and Alex Sulava, and Carlton Fields, P.A., New York, NY (J. Robert MacAneney and Alex B. Silverman of counsel), for respondents Richard Lowenstein and Sergey Kvyat (one brief filed).



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 19, 2018. The order, in effect, granted that branch of the motion of the defendants Michael Kordonsky, Alex Brudoley, Mansoor Ahmad, Michael Levin, Israel Yakobzon, Alex Sulava, Alex Reyf, and Dial Car, Inc., joined in by the defendants Sergey Kvyat and Richard Lowenstein, which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
In 2015, the plaintiffs, who are shareholders of the defendant Dial Car, Inc. (hereinafter Dial), commenced a shareholder derivative action alleging that members of Dial's Board of Directors (hereinafter the Board) breached their fiduciary duty to Dial by paying for unnecessary personal expenses and distributing Dial's profits to themselves rather than to the shareholders (see Guzman v Kordonsky, 177 AD3d 708).
While the shareholder derivative action was pending, the plaintiffs commenced this direct shareholder and employee action against Dial and the individual defendants, who are officers and members of the Board, alleging that the individual defendants took actions against the plaintiffs in retaliation for commencing the shareholder derivative action. The defendants Michael Kordonsky, Alex Brudoley, Mansoor Ahmad, Michael Levin, Israel Yakobzon, Alex Sulava, Alex Reyf, and Dial, joined by the defendants Sergey Kvyat and Richard Lowenstein, moved, inter alia, pursuant to CPLR 32311(a)(7) to dismiss the amended complaint for failure to state a cause of action. The Supreme Court, in effect, granted that branch of the motion, and the plaintiffs appeal.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every possible favorable inference" (Dee v Rakower, 112 AD3d 204, 208; see Leon v Martinez, 84 NY2d 83, 87-88; Canzona v Atanasio, 118 AD3d 841, 842). Evidentiary material [*2]submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint (see Rovello v Orofino Realty Co., 40 NY2d 633, 636; Way v City of Beacon, 96 AD3d 829, 830-831; Dana v Shopping Time Corp., 76 AD3d 992, 994).
"[T]o state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061 [internal quotation marks omitted]). Here, the amended complaint failed to specify the provisions of the parties' agreement that allegedly were breached. Further, the evidentiary material the plaintiffs submitted in opposition to the defendants' motion failed to remedy the defect in the amended complaint. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the cause of action to recover damages for breach of contract (see id. at 1060-1061).
"To establish a claim of tortious interference with prospective economic advantage, a plaintiff must demonstrate that the defendant's interference with its prospective business relations was accomplished by wrongful means or that [the] defendant acted for the sole purpose of harming the plaintiff" (Moulton Paving, LLC v Town of Poughkeepsie, 98 AD3d 1009, 1013 [internal quotation marks omitted]). "As a general rule, such wrongful conduct must amount to a crime or an independent tort, and may consist of 'physical violence, fraud or misrepresentation, civil suits and criminal prosecutions'" (Smith v Meridian Tech., Inc., 86 AD3d 557, 560, quoting Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191; see Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 586). Here, the allegations in the amended complaint do not establish the elements of tortious interference with prospective economic advantage. The individual defendants' alleged rude behavior is insufficient to establish the wrongful means necessary to support a claim of tortious interference with prospective economic advantage (see Moulton Paving, LLC v Town of Poughkeepsie, 98 AD3d at 1013). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the cause of action to recover damages for tortious interference with prospective economic advantage (see id.).
"The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710). Even accepting as true the allegations in the amended complaint, the individual defendants' alleged improper conduct was not so outrageous or extreme as to support a cause of action alleging intentional infliction of emotional distress (see Video Voice, Inc. v Local T.V., Inc., 156 AD3d 848, 850; Ruggiero v Contemporary Shells, 160 AD2d 986, 987). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the cause of action to recover damages for intentional infliction of emotional distress.
"The elements of a cause of action for defamation are a 'false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se'" (Salvatore v Kumar, 45 AD3d 560, 563, quoting Dillon v City of New York, 261 AD2d 34, 38). The complaint must set forth the particular words allegedly constituting defamation (see CPLR 3016[a]), and it must also allege the time, place, and manner of the false statement and specify to whom it was made (see Dillon v City of New York, 261 AD2d at 38). Here, to the extent that the amended complaint alleges that certain alleged defamatory statements were made over a two-year period from 2015 through 2017, those allegations were not sufficiently specific with respect to time. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the cause of action to recover damages for defamation.
The amended complaint also failed to state a cause of action alleging a violation of Labor Law § 215. Under that statute, it is unlawful to retaliate against an employee "because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner" (Labor Law § 215[1][a][i]). "'[T]his chapter' refers to any [*3]provision of the Labor Law" (Kelly v Xerox Corp., 256 AD2d 311, 312; see Epifani v Johnson, 65 AD3d 224, 235). Here, the plaintiffs' failure to identify any provision of the Labor Law which they reasonably believed was violated by the individual defendants' alleged wrongful behavior is fatal to their retaliation claim (see Grella v St. Francis Hosp., 149 AD3d 1046, 1049). Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was to dismiss the cause of action alleging a violation of Labor Law § 215.
The plaintiffs' remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court