Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist. (2023 NY Slip Op 01018)

Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist.

2023 NY Slip Op 01018

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-07526
 (Index No. 613576/20)

[*1]Pierce Coach Line, Inc., respondent, 
v
Port Washington Union Free School District, appellant.

Bond, Schoeneck & King, PLLC, Garden City, NY (Howard M. Miller and Brittany Frank of counsel), for appellant.
Gerstman Schwartz LLP, Garden City, NY (Randy E. Kleinman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered September 9, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of contract, quasi contract, and unjust enrichment.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of contract, quasi contract, and unjust enrichment are granted.
The plaintiff commenced this action against the defendant asserting, inter alia, causes of action alleging breach of contract, quasi contract sounding in restitution, and unjust enrichment. The plaintiff alleged, in sum, that the plaintiff and the defendant were parties to a contract for school bus transportation services for the 2019 to 2020 school year, which runs from September through June, and that the defendant breached that contract by failing to remit payment for transportation services the plaintiff remained "ready to provide" pursuant to the contract for the months of April 2020, May 2020, and June 2020. It is not disputed that between April 2020 and June 2020 all schools in the defendant school district had been closed in response to the COVID-19 pandemic. Prior to interposing an answer, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order entered September 9, 2021, the Supreme Court, among other things, denied those branches of the defendant's motion which were to dismiss the causes of action alleging breach of contract, quasi contract sounding in restitution, and unjust enrichment. The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every possible favorable inference" (Dee v Rakower, 112 AD3d 204, 208; see Leon v Martinez, 84 NY2d 83, 87-88; Davids v State of New York, 159 AD3d 987, 989). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right [*2]of recovery'" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 129, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142). "[E]videntiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint" (NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061).
The Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging breach of contract. "'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" (Ripa v Petrosyants, 203 AD3d 768, quoting Stewart v Berger, 192 AD3d 940, 941). "'To state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached'" (NFA Group v Lotus Research, Inc., 180 AD3d at 1061, quoting Barker v Time Warner Cable, Inc., 83 AD3d 750, 751; accord Tsatskin v Kordonsky, 189 AD3d 1296, 1297; Barker v Time Warner Cable, Inc., 83 AD3d 750).
Here, the complaint failed to specify the provision of the parties' contract that was allegedly breached (see NFA Group v Lotus Research, Inc., 180 AD3d at 1061; Barker v Time Warner Cable, Inc., 83 AD3d 750; Woodhill Elec. v Jeffrey Beamish, Inc., 73 AD3d 1421, 1422). In particular, no provision was identified which would permit the plaintiff to demand payment from the defendant in exchange for merely remaining available to provide transportation services (see NFA Group v Lotus Research, Inc., 180 AD3d at 1061). In addition, the evidentiary material submitted by the plaintiff in opposition to the defendant's motion failed to remedy this defect in the complaint (see Tsatskin v Kordonsky, 189 AD3d at 1297; NFA Group v Lotus Research, Inc., 180 AD3d at 1061; Barker v Time Warner Cable, Inc., 83 AD3d 750).
The Supreme Court also should have granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging quasi contract sounding in restitution and unjust enrichment. "[T]he existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23; see Klein v Deutsch, 193 AD3d 707; D. Gangi Contr. Corp. v City of New York, 186 AD3d 450, 451). "[T]he theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of an agreement" (Port Auth. of N.Y. and N.J. v Brooklyn Union Gas Co., 179 AD3d 1106, 1108 [internal quotation marks omitted]). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791). Here, the parties do not dispute that a contract governing transportation services for the relevant time period exists (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d at 23; Klein v Deutsch, 193 AD3d 707; D. Gangi Contr. Corp. v City of New York, 186 AD3d at 451).
Moreover, even in the absence of a contract, dismissal of these causes of action would be required. "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570 [internal quotation marks omitted]; accord Main Omni Realty Corp. v Matus, 124 AD3d 604, 605). "A plaintiff must show that (1) the other party was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered" (Main Omni Realty Corp. v Matus, 124 AD3d at 605; see Gargano v Morey, 165 AD3d 889, 890; Betz v Blatt, 160 AD3d 696, 701). Here, the complaint fails to sufficiently allege that the defendant was enriched or otherwise received a benefit at the plaintiff's expense to support a cause of action for quasi contract sounding in restitution or unjust enrichment (see Gargano v Morey, 165 AD3d 889; GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569; Main Omni Realty Corp. v Matus, 124 AD3d at 605).
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court