1470 39th St., LLC v Goldberg (2024 NY Slip Op 02031)

1470 39th St., LLC v Goldberg

2024 NY Slip Op 02031

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-07882
 (Index No. 505267/20)

[*1]1470 39th Street, LLC, respondent, 
v
David Goldberg, appellant.

Villanti Law Group PLLC, Brooklyn, NY (Christopher Villanti of counsel), for appellant.
Gutman, Mintz, Baker & Sonnenfeldt, LLP, Brooklyn, NY (Young Yoo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated August 30, 2021. The order denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for breach of a commercial lease agreement between the parties. The first cause of action alleged that the defendant breached the lease agreement by failing to pay certain basic rent, and the second cause of action alleged that the defendant breached the lease agreement by failing to pay, as additional rent, certain real estate tax fees. Prior to interposing an answer, the defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. In opposition, the plaintiff submitted, among other things, a copy of the lease agreement. In an order dated August 30, 2021, the Supreme Court denied that branch of the defendant's motion which was pursuant to CPLR 3211(a). The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every favorable inference" (Dee v Rakower, 112 AD3d 204, 208; see Leon v Martinez, 84 NY2d 83, 87-88; Davids v State of New York, 159 AD3d 987, 989). "'Evidentiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint'" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960, quoting NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061). "'If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762, quoting Sokol v Leader, 74 AD3d 1180, 1181-1182 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "In this procedural posture, the allegations of a complaint, supplemented by a plaintiff's additional submissions, if any, must be given their most favorable intendment" (Arrington v New York Times Co., 55 NY2d 433, 442).
"'The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" (Ripa v Petrosyants, 203 AD3d 768, 769-770, quoting Stewart v Berger, 192 AD3d 940, 941 [internal quotation marks omitted]). "'To state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached'" (NFA Group v Lotus Research, Inc., 180 AD3d at 1061, quoting Barker v Time Warner Cable, Inc., 83 AD3d 750, 751 [alterations omitted]). "Where the parties' agreement is before the court in a breach of contract action, 'its provisions establish the rights of the parties and prevail over conclusory allegations in the complaint'" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 132, quoting 805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 451).
Here, the Supreme Court properly denied dismissal of the amended complaint pursuant to CPLR 3211(a)(7). Affording the allegations in the amended complaint, as supplemented by the plaintiff's submissions, their most favorable intendment, the plaintiff sufficiently alleged a breach of contract (see Arrington v New York Times Co., 55 NY2d at 443; Ripa v Petrosyants, 203 AD3d 768). Moreover, the defendant failed to demonstrate that any fact alleged in the complaint was undisputedly not a fact at all (see Guggenheimer v Ginzburg, 43 NY2d at 275). To the extent the defendant argues that the amended complaint fails to sufficiently plead causes of action for breach of contract with respect to the nonpayment of "Legal, Water & Sewer, ECB Violations, and Social Security Investigation charges," the plaintiff concedes that it is not seeking to recover damages for those items.
The Supreme Court also properly denied that branch of the defendant's motion to dismiss the amended complaint pursuant to CPLR 3211(a)(1). A motion to dismiss pursuant to CPLR 3211(a)(1) on the ground that the action is barred by documentary evidence may be "granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714). Here, to the extent the defendant's submissions in support of its motion consisted of documentary evidence, they fail to show that the plaintiff has no cause of action for breach of contract against the defendant or otherwise establish a defense to the action as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326).
The defendant's contention that the amended complaint should be dismissed on the ground that the plaintiff committed fraud on the Supreme Court is not properly before us (see e.g. Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160; Clement v Millbrook Cent. Sch. Dist., 152 AD3d 743).
The defendant's remaining contentions are without merit.
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court