**Hillman Hous. Corp. v Area Garage LLC**

2024 NY Slip Op 33680(U)

October 9, 2024

Supreme Court, New York County

Docket Number: Index No. 650361/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                    PART                11M

*Justice*

--------------------------------------------------------------------------------X

HILLMAN HOUSING CORPORATION

                              Plaintiff,

                    - v -

AREA GARAGE LLC,

                             Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650361/2024 |
| MOTION DATE | 05/17/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 83, 84, 85, 86, 91, 92, 93

were read on this motion to/for                                      DISMISSAL                       .

Upon the foregoing documents, plaintiff's motion to dismiss defendant's counterclaims is granted in part.

**Background**

This motion to dismiss two counterclaims arises out of a dispute over repairs to a parking garage. Plaintiff Hillman Housing Corporation ("Hillman") owns a garage building located at 275 Delancey Street ("Premises") that has been leased to Defendant Area Garage LLC ("Area Garage") since 1997. The lease has been modified and extended to December 31, 2039 (the "Lease"). In 2021, the City of New York Department of Buildings ("DOB") inspected the Premises and issued a violation and summons regarding the state of the Premises' concrete and ceiling. Hillman hired an engineer to develop a proposal for repairs which was issued in November 2021. The parties disputed responsibility for the repairs over the next couple years, and in May 2023 the DOB inspected the Premises again, issuing another violation notice. In response, Hillman sought a bid from contractors in order to make the repairs and accepted one from Xinos Construction Corp. ("Contractor"), which recommended full closure of the garage.

650361/2024   HILLMAN HOUSING CORPORATION vs. AREA GARAGE LLC
Motion No. 002

Page 1 of 8

[* 1]

The parties initially conferred but eventually Area Garage took the position (which it still holds) that full closure was unnecessary. Hillman eventually served Area Garage with a Notice to Vacate on December 7, 2023, to which Area Garage objected. Then on December 15, 2023, Hillman posted on the Premises a letter to its shareholders advising them that the Premises would be closed for repairs.

Hillman initiated litigation with the filing of an action for permanent injunctive relief in January 2024. Area Garage opposed the motion. The Court denied Hillman's motion for an injunction on the grounds that Hillman had not used reasonable measures to minimize interference with Area Garage's operations. In Area Garage's Amended Answer, they made two counterclaims: 1) that Hillman was in breach of the lease when they failed to make timely repairs and did not use reasonable efforts to minimize interference with Area Garage's use of the Premises; and 2) that Hillman's posting of the letter to shareholders on the Premises constituted tortious interference with Area Garage's business. Hillman filed the present motion to dismiss those counterclaims pursuant to CPLR § 3211(a)(1), (5), and (7).

**Standard of Review**

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the

650361/2024   HILLMAN HOUSING CORPORATION vs. AREA GARAGE LLC
Motion No.  002

Page 2 of 8

documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

CPLR § 3211(a)(5) allows for a complaint to be dismissed if, among other reasons, it is barred by the statute of limitations. For motions made pursuant to this provision, the defendant has the "initial burden of demonstrating, prima facie, that the time within to commence the cause of action has expired", at which point the burden then shifts to the plaintiff to "raise a question of fact as to whether the statute of limitations is tolled or otherwise inapplicable." *Haddad v. Muir*, 215 A.D.3d 641, 642-43 (2nd Dept. 2023).

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

## Discussion

Ultimately, for the reasons given below, here plaintiff fails to meet their burden on the motion to dismiss the first counterclaim because there remain disputed issues regarding the interpretation of the lease. Plaintiff has met its burden regarding the second claim, however, which cannot as pled establish the third element of tortious interference with economic advantage and therefore it fails as a matter of law.

### I: The Breach of Contract Counterclaim

650361/2024   HILLMAN HOUSING CORPORATION vs. AREA GARAGE LLC
Motion No.  002

Page 3 of 8

3 of 8

[* 3]

In this counterclaim Area Garage alleges that Hillman had an obligation under the lease to make timely repairs and to use reasonable efforts to minimize interference with Area Garage's use of the Premises. Area Garage alleges that Hillman breached the lease when they, among other things, neglected repairs, issued the Notice to Vacate, and refused to cooperate in "implementing a reasonable shoring plan" and instead sought to implement a plan that would involve total closure of the Premises. Area Garage seeks monetary damages as a result of this alleged breach of contract.

Hillman argues that this counterclaim should be dismissed pursuant to CPLR § 3211(a)(1) and (5). Specifically, Hillman argues that the claim is time barred to the extent that Hillman allegedly failed to make repairs prior to 2018 (the 6-year statute of limitations for breach of contract). They also argue that there is a defense to the counterclaim established in the documentary evidence, to wit, that the terms of the Lease makes Area Garage responsible for "routine preventative maintenance and repairs" and limits any potential recovery to an abatement in rent.

In response, Area Garage contends that Hillman has not met the required standard for documentary evidence because they have only cited portions of the Lease instead of attaching the document as a whole. Furthermore, Area Garage argues that the parties have conflicting interpretations of the contract and that Hillman failed in their duty under the Lease to make *structural* repairs to the Premises (and that this failure is what led to the current condition of the Premises). Area Garage argues that the rent abatement provision only applies if Hillman has already made reasonable efforts to minimize interference with Area Garage's business, and that the statute of limitations does not bar the counterclaim because 1) Hillman's actions between 2021 and 2024 constituted a breach of the Lease and 2) Hillman's alleged failure to address

650361/2024   HILLMAN HOUSING CORPORATION vs. AREA GARAGE LLC                Page 4 of 8
  Motion No. 002

[* 4]                                                    4 of 8

required structural repairs constituted a continuing contractual breach that has tolled the statute of limitations.

The statute of limitations claim fails to satisfy the CPLR § 3211(a)(1) requirements. Hillman disputes the continuing wrong doctrine's applicability to this instant case on the grounds that the current state of affairs in the Premises is the result of Area Garage's failure to perform routine preventative maintenance and repairs. Hillman also argues that any failure to repair on their part would have happened prior to 2018 and therefore the continuing wrong doctrine is inapplicable. This last argument overlooks the fact that any allegedly negligent or wrongful failure to repair would be by its nature an ongoing conduct until the needed repairs were completed. Furthermore, the statute of limitations claim fails to bar the first counterclaim because Area Garage is also arguing that Hillman's actions between 2021 and 2024 constituted a breach of the Lease. While Hillman argues that these actions were not a breach of the Lease for other reasons, it does not dispute that the actions it took between 2021 and 2024 are within the 6-year statute of limitations for breaches of contract.

The argument that the Lease constitutes sufficient documentary evidence to dismiss the counterclaim under CPLR § 3211(a)(1) fails because the Lease does not conclusively establish a defense to the claims asserted by Area Garage as a matter of law. Hillman argues that Area Garage is absolutely precluded from seeking monetary damages under the terms of ¶ 19(b)(1) and (2) of the Lease, and as a result their claims fail as a matter of law. The relevant language in ¶ 19(b)(1) reads "[i]n the event that, as a direct consequence of repairs or alterations undertaken by Landlord in the demised premises, there results the loss of use by Tenant of portions of the demised premises for parking as herein permitted, then, except to the extent that such repairs or

650361/2024  HILLMAN HOUSING CORPORATION vs. AREA GARAGE LLC
Motion No. 002

Page 5 of 8

5 of 8

alterations are required by reason of the acts or omissions of Tenant . . . the Tenant shall be entitled to an abatement of the fixed annual rent."

Area Garage argues that the rent abatement provision in ¶ 19(b)(1) necessarily relies on Hillman having first taken reasonable efforts to minimize interference, something the Court has already found did not take place. They argue that to read ¶ 19(b)(1) as allowing a rent abatement would render other portions of the Lease meaningless, particularly the portions requiring Hillman to take reasonable efforts to minimize interference and the Fourth Amendment to the Lease, whereby Area Garage no longer pays rent on the parking spaces. When considering a contract as documentary evidence in a motion to dismiss, a court must "avoid an interpretation that would leave contractual clauses meaningless." *Natixis Real Estate Capital Trust 2007-HE2 v. Natixis Real Estate Holdings, LLC*, 149 A.D.3d 127, 133 (1st Dept. 2017). Furthermore, when the parties have conflicting interpretations of an agreement that present issues requiring further development, then dismissal under CPLR § 3211(a)(1) should be denied.

## II: The Tortious Interference Counterclaim

Hillman argues that Area Garage's second counterclaim for tortious interference, alleging that the letter posted by Hillman on the Premises telling Hillman shareholders that the garage would be shut down for repairs, should be denied because it fails as matter of law. The claim is duplicative of the breach of contract claim, according to Hillman, and Area Garage also cannot establish the necessary wrongful conduct or intent to harm required for tortious interference with economic advantage. The plaintiff claiming this intentional tort must show that "(1) the defendant's knowledge of a business relationship between the plaintiff and a third party; (2) the defendant's intentional interference with the relationship; (3) that the defendant acted by the use of wrongful means or with the sole purpose of malice; and (4) resulting injury to the business

650361/2024   HILLMAN HOUSING CORPORATION vs. AREA GARAGE LLC                    Page 6 of 8
Motion No. 002

6 of 8

relationship." *534 E. 11th St. Hous. Dev. Fund Corp. v. Hendrick*, 90 A.D.3d 541, 542 (1st Dept. 2011).

Area Garage contends that the claim is not duplicative as the conduct giving rise to the claim was not a breach of the Lease but rather separate conduct targeting third parties. Area Garage also argues that they have pled sufficient facts to survive a motion to dismiss. They argue that they had a business relationship with the third-party monthly parkers, that Hillman knew about those relationships and intentionally attempted to interfere with those relationships by posting a letter that stated that the garage would be shut down for repairs and any remaining vehicles would be towed, and that such a letter did in fact lead to damage to Area Garage's business relationship through the loss of parking relationships.

Viewing the facts alleged by Area Garage to be true, and giving them every possible favorable inference, there is not enough to survive a motion to dismiss. While the letter posted by Hillman was clearly directed solely to their shareholders, an inference is possible that Hillman knew and intended other parkers in the garage to read the notice and assume that their own vehicles would be towed if they parked at the Premises. But the malice requirement is high for a tortious interference claim, as the plaintiff must "establish malice as the sole motive for defendants' actions" and when defendants have a clear interest in the matter "separate from any possible malicious motive", dismissal is proper. *Vitro S.A.B. de C.V. v. Aurelius Capital Mgt., L.P.*, 99 A.D.3d 564 (1st Dept. 2012). Here, Hillman had a clear motive in addressing their own shareholders regarding upcoming affairs at the Premises, as seen from the language directing the letter to the shareholders. Wrongful conduct, the other way of satisfying the third element of the claim, "[a]s a general rule . . . must amount to a crime or an independent tort." *Tsatskin v. Kordonsky*, 189 A.D.3d 1296, 1298 (2nd Dept. 2020). Under the facts alleged, and with every

**650361/2024   HILLMAN HOUSING CORPORATION vs. AREA GARAGE LLC** **Page 7 of 8**
**Motion No.  002**

[* 7]

favorable inference in their favor, Area Garage's tortious interference claim fails as a matter of law and therefore CPLR § 3211(a)(7) is proper. Accordingly, it is hereby

ADJUDGED that the plaintiff's motion to dismiss defendant's first counterclaim for breach of contract is denied; and it is further

ORDERED and ADJUDGED that the plaintiff's motion to dismiss defendant's second counterclaim for tortious interference is granted, and this counterclaim dismissed.

20241009140825LFRANK1A0C4F8874A3400086EFC8EC23EDA05E

| 10/9/2024 | | LYLE E. FRANK, J.S.C. |
|-----------|--|------------------------|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650361/2024   HILLMAN HOUSING CORPORATION vs. AREA GARAGE LLC**
**Motion No.  002**

**Page 8 of 8**

8 of 8