Umoh v Zunz (2025 NY Slip Op 02808)

Umoh v Zunz

2025 NY Slip Op 02808

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-05580
 (Index No. 510391/21)

[*1]Nkereuwem Umoh, appellant, 
v
Emmanuel Zunz, et al., respondents.

Law Office of John A. Scola, PLLC, New York, NY, for appellant.
Michelman & Robinson, LLP, New York, NY (Prachi M. Ajmera of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated March 8, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action in 2021, alleging that in 2008, he purchased from the defendant Emmanuel Zunz a one percent equity interest in one or more of the defendants Verge Records International, Inc., Verge Records, LLC, OneRPM, LLC, and OneRPM Studios, LLC (hereinafter collectively the corporate defendants), and/or their predecessors and successors. The plaintiff further alleged that in February 2021, Zunz informed the plaintiff that "the business" had failed several years earlier. The amended complaint asserted causes of action, inter alia, alleging breach of contract and fraud. The defendants moved to pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint. In opposition, the plaintiff submitted, among other things, an affidavit and emails between the parties. In an order dated March 8, 2023, the Supreme Court granted the defendants' motion, determining that the causes of action alleging breach of contract and fraud should be dismissed pursuant to CPLR 3211(a)(5) as time-barred and that the remaining causes of action should be dismissed as duplicative of the breach of contract and fraud causes of action. The plaintiff appeals. We affirm, albeit on grounds different from those relied upon by the court.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every favorable inference" (Dee v Rakower, 112 AD3d 204, 208; see Leon v Martinez, 84 NY2d 83, 87-88; Davids v State of New York, 159 AD3d 987, 989). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
"'Evidentiary material submitted by the plaintiff in opposition to such a motion may [*2]be considered to remedy defects in the complaint'" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960, quoting NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061). "'If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762 [internal quotation marks omitted], quoting Sokol v Leader, 74 AD3d 1180, 1181-1182; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "In this procedural posture, the allegations of a complaint, supplemented by a plaintiff's additional submissions, if any, must be given their most favorable intendment" (Arrington v New York Times Co., 55 NY2d 433, 442).
The essential elements of a cause of action alleging breach of contract are "'the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages'" (1470 39th St., LLC v Goldberg, 226 AD3d 853, 854, quoting Ripa v Petrosyants, 203 AD3d 768, 769-770). A basic principle of contract law is that one cannot be held liable under a contract to which he or she is not a party (see Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965; 1911 Richmond Ave. Assoc., LLC v G.L.G. Capitol, LLC, 90 AD3d 627, 627; Black Car & Livery Ins., Inc. v H & W Brokerage, Inc., 28 AD3d 595, 596).
Here, giving the allegations of the amended complaint, supplemented by the plaintiff's affidavit and supporting documentation, their most favorable intendment, the plaintiff entered into a contract to purchase shares of nonparty Verge Records International, LLC (hereinafter VRI LLC), doing business as OneRPM. With the exception of Verge Records, LLC, none of the remaining corporate defendants had been formed at the time the relevant contract allegedly was made. Moreover, the plaintiff failed to identify the provisions of the contract that were breached (see 1470 39th St., LLC v Goldberg, 226 AD3d at 853; NFA Group v Lotus Research, Inc., 180 AD3d at 1061). Accordingly, the plaintiff failed to state a cause of action alleging breach of contract.
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353-1354 [internal quotation marks omitted]). "Where a cause of action is based on a misrepresentation or fraud, 'the circumstances constituting the wrong shall be stated in detail'" (Hiu Ian Cheng v Salguero, 164 AD3d 768, 770, quoting CPLR 3016[b]). "'A cause of action to recover damages for fraud will not lie where the only fraud claimed arises from the breach of a contract'" (Emby Hosiery Corp. v Tawil, 196 AD3d 462, 464, quoting Gorman v Fowkes, 97 AD3d 726, 727; see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807-808). "General allegations that a party entered into a contract while lacking the intent to perform it are insufficient to support a claim of fraudulent inducement" (Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d at 807; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318; Trump Vil. Section 4, Inc. v Vilensky, 202 AD3d 865, 866; Fromowitz v W. Park Assoc., Inc., 106 AD3d 950, 951).
Here, the plaintiff failed to state the circumstances of the alleged fraud in detail. Moreover, the plaintiff's allegation that he entered into the contract to purchase shares in reliance upon the defendants' representation that they would sell those shares and that the defendants knew that the representation was false was insufficient to state a cause of action alleging fraudulent inducement, and VRI LLC, the entity that would have made any material misrepresentation, was not named as a defendant. Accordingly, the plaintiff failed to state a cause of action alleging fraud.
The remaining causes of action in the amended complaint also failed to state a cause of action.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court