Singh v 96 16th St., LLC (2025 NY Slip Op 04499)

Singh v 96 16th St., LLC

2025 NY Slip Op 04499

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2023-12488
 (Index No. 520111/20)

[*1]Sukhwinder Singh, respondent, 
v
96 16th Street, LLC, et al., appellants, et al., defendant.

Mullen P.C., New York, NY (Vincent F. FitzPatrick III and Wesley M. Mullen of counsel), for appellants.
Subin Associates, LLP, New York, NY (Denise A. Rubin and Christopher J. Soverow of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants 96 16th Street, LLC, Jorge Mastropietro, and Jorge Mastropietro Architect Atelier, PLLC, appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 15, 2023. The order, insofar as appealed from, denied those branches of the motion of the defendants 96 16th Street, LLC, Jorge Mastropietro, and Jorge Mastropietro Architect Atelier, PLLC, which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendants Jorge Mastropietro and Jorge Mastropietro Architect Atelier, PLLC.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants 96 16th Street, LLC, Jorge Mastropietro, and Jorge Mastropietro Architect Atelier, PLLC, which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendants Jorge Mastropietro and Jorge Mastropietro Architect Atelier, PLLC, are granted.
On March 21, 2020, the plaintiff allegedly was injured when a scaffold that he was standing on collapsed while he was working on a construction project at premises owned by the defendant 96 16th Street, LLC (hereinafter the LLC), and located in Brooklyn. Thereafter, the plaintiff commenced separate actions to recover damages for personal injuries, which were later consolidated, against, among others, the LLC and the defendants Jorge Mastropietro, the principal of the LLC, and Jorge Mastropietro Architect Atelier, PLLC (hereinafter Architect Atelier), alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The complaint insofar as asserted against Mastropietro and Architect Atelier sought to impose liability against them under theories of piercing the corporate veil and alter ego.
The LLC, Mastropietro, and Architect Atelier (hereinafter collectively the defendants) moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Mastropietro and Architect Atelier. In an order dated November 15, 2023, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal.
The Supreme Court erred in denying those branches of the defendants' motion which [*2]were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Mastropietro and Architect Atelier. "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every favorable inference" (Dee v Rakower, 112 AD3d 204, 208; see Leon v Martinez, 84 NY2d 83, 87-88; Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d 641, 643). "'[C]onclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss'" (Pinkesz v Massachusetts Mut. Life Ins. Co., 234 AD3d 886, 888, quoting Lockwood v CBS Corp., 219 AD3d 1326, 1327). "'[E]videntiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint'" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960, quoting NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061; see Maursky v Latham, 219 AD3d 473, 474).
"'While the decision whether to pierce the corporate veil in a given instance will necessarily depend on the attendant facts and equities . . . [g]enerally . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation [or LLC] in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the [the plaintiff] which resulted in [the plaintiff's] injury'" (Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d at 644 [internal quotation marks omitted], quoting Matter of DePetris v Traina, 211 AD3d 939, 941). "At the pleading stage, 'a plaintiff must do more than merely allege that [defendant] engaged in improper acts or acted in "bad faith" while representing the corporation.' The plaintiff must adequately allege the existence of a corporate obligation and that defendant 'exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice'" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47-48 [citation and internal quotation marks omitted], quoting East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776).
Here, the complaint, when read in conjunction with the plaintiff's evidentiary submissions in opposition, failed to adequately allege or evince facts that would support a finding that Mastropietro completely dominated the LLC or that such domination was used to commit a wrong or injustice against the plaintiff (see Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d at 644; Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d 528, 532). The complaint contained only speculative and conclusory assertions that Mastropietro dominated the LLC, disregarded corporate formalities, and allowed the LLC to remain undercapitalized and underinsured, and that Mastropietro's failure to observe corporate formalities prevented the plaintiff from recovering damages for his alleged injuries (see Crawford v Integrated Asset Mgt. Servs., LLC, 236 AD3d 750; Kyung Hee Moon v Owadeyah, 223 AD3d 793, 795; Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d at 532; Ruland v Leibowitz, 209 AD3d 1051, 1052). Contrary to the plaintiff's contention, the evidentiary materials submitted by the plaintiff in opposition to the defendants' motion failed to remedy these pleading defects. Moreover, for the same reasons, the plaintiff failed to adequately allege or evince facts that would support imposing liability on Architect Atelier as an alleged alter ego of the LLC (see Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d at 533; Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 944).
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Mastropietro and Architect Atelier.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court