McNeil v World Class Sec. Servs. Holdings, LLC
2026 NY Slip Op 03670
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Tia Leah McNeil, appellant,
v
World Class Security Services Holdings, LLC, defendant, John Ross Lindsay, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2025-00215, (Index No. 529063/22)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

Chesney, Nicholas & Brower, LLP, Syosset, NY (Scott A. Koltun of counsel), for appellant.
KMA Zuckert LLP, New York, NY (Jennifer Huang of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 6, 2024. The order granted the motion of the defendant John Ross Lindsay, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
On or about October 6, 2022, the plaintiff commenced this action against the defendant John Ross Lindsay (hereinafter the defendant) and his employer, World Class Security Services Holdings, LLC, to recover damages for personal injuries she allegedly sustained on December 1, 2019, when the defendant punched her in the face. On June 3, 2021, the defendant had pleaded guilty to a misdemeanor charge of disorderly conduct and the criminal case was sealed and closed. In an order dated November 6, 2024, the Supreme Court granted the defendant's motion, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against him. The plaintiff appeals.
The Supreme Court properly granted, pursuant to CPLR 3211(a)(5), that branch of the defendant's motion which was to dismiss the first cause of action insofar as asserted against him. "A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Weinberg Real Estate Affiliates, LLC v Weinberg, 231 AD3d 775, 776 [internal quotation marks omitted]; see Dodobayeva v Rubinoff, 242 AD3d 706). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Weinberg Real Estate Affiliates, LLC v Weinberg, 231 AD3d at 776 [internal quotation marks omitted]; see Parziat v Meron, 231 AD3d 736, 741; Vilsack v Meyer, 96 AD3d 827, 828). "In determining which limitations period is applicable to a given cause of action, the court must look to the substance of the allegations rather than to the characterization of those allegations by the parties" (Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 617; see Western Elec. Co. v Brenner, 41 NY2d 291, 293; Potter v Zucker Hillside Hosp., 176 AD3d [*2]884, 885).
Here, the defendant established, prima facie, that the first cause of action, alleging assault and battery insofar as asserted against him, was time-barred (see CPLR 215[3], [8][a]; Potter v Zucker Hillside Hosp., 176 AD3d at 885). In opposition, the plaintiff failed to raise a question of fact.
The Supreme Court also properly granted, pursuant to CPLR 3211(a)(7), that branch of the defendant's motion which was to dismiss the second cause of action insofar as asserted against him. On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 868). "'Evidentiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint'" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960, quoting NFA Group v Lotus Research, Inc., 180 AD3d 1060, 1061). "'If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762 [internal quotation marks omitted], quoting Sokol v Leader, 74 AD3d 1180, 1181-1182; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"New York does not recognize a cause of action to recover for negligent assault or battery" (Borrerro v Haks Group, Inc., 165 AD3d 1216, 1217; see McMullin v Village of Spring Val., 229 AD3d 787, 788). "Negligence is distinguished from assault and battery by the absence of that intent which is a necessary ingredient of the latter" (Borrerro v Haks Group, Inc., 165 AD3d at 1217 [internal quotation marks omitted]). Although "the same act may constitute battery or negligence depending upon whether or not it was intentional, . . . there cannot be recovery for both" (id. at 1218 [internal quotation marks omitted]; see Murray v Long Is. R. R. Co., 35 AD2d 579, affd 28 NY2d 849). As such, "if the only inference that may be drawn from plaintiff's evidence is that defendant's contact with plaintiff was intentional, plaintiff may recover only in battery and the issue of negligence should not be submitted to the jury" (Borrerro v Haks Group, Inc., 165 AD3d at 1218 [internal quotation marks omitted]; see Thomas v Fayee, 302 AD2d 451, 452).
Here, the only inference that may be drawn from the evidence and the plaintiff's allegations is that her alleged injuries resulted solely from the defendant's intentional act of punching her in the face. Even if the defendant lacked any intent to make physical contact with, or otherwise injure, the plaintiff, the conduct attributed to the defendant constituted intentional, rather than negligent, conduct (see Rosas v Petkovich, 218 AD3d 814, 817; Chiesa v McGregor, 209 AD3d 963, 965-966; Borrerro v Haks Group, Inc., 165 AD3d at 1218).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against him.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court